IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| ANCHOR STAFFING, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Sara Magana ("Magana"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that the Defendant, Anchor Staffing, Inc. ("Defendant" or "Anchor"), engaged in sex discrimination against Magana by subjecting her to sexual harassment, creating and maintaining a hostile work environment because of her sex, female, and retaliating against Magana by removing her from her assignment and refusing to give her new assignments after she complained.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Anchor, has procured for employees opportunities to work for a covered employer, within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## ADMINISTRATIVE PROCEDURES

5. More than thirty days prior to the institution of this lawsuit, Magana filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. On September 19, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

7. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8. On October 4, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIMS

9. Since at least on or about September 11, 2014, Defendant has engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1), 2000e-3(a), at its office located at 9901 S. Western Ave., Chicago, Illinois, and at the Illinois Department of Human Services ("IDHS"), located at 1151 S. Wood St., Chicago, Illinois, which was a client of Defendant where Magana was placed by Defendant to work. These unlawful practices include, but are not limited to, the following:

   (a). Defendant engaged in sex discrimination against Magana by subjecting her on or about September 11, 2014, to severe or pervasive sex harassment, and by creating and maintaining a hostile work environment, because of her sex (female). The harassment Magana was subjected to included, but was not limited to, graphic sexual conversation, unwelcome touching, solicitation of unwelcome physical contact, and intimidation.

   (b) Defendant knew of the sexually hostile work environment because Magana complained about it to Anchor.

   (c) Respondent failed to take prompt or effective action to reasonably prevent, correct, or remedy the sexually hostile work environment. Immediately after Magana complained to Anchor about the harassment she had experienced, Anchor removed Magana from her assignment at IDHS.

(b). Defendant engaged in retaliation against Magana after she complained of sexual harassment: Anchor removed Magana from her assignment at IDHS and never again provided employment opportunities for her despite her availability and desire to work.

10. The effect of the practices complained of above has been to deprive Magana of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Magana.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining Defendant, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and for persons who engage in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Magana, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, providing future employment opportunities for Magana and/or front-pay.

E. Order Defendant to make whole Magana by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial, including, but not limited to, job search expenses.

F. Order Defendant to make whole Magana by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G. Order Defendant to pay Magana punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/ Gregory M. Gochanour
Greg Gochanour
Regional Attorney

s/ Diane I. Smason
Diane Smason
Supervisory Trial Attorney

s/ Bradley S. Fiorito
Brad Fiorito
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison St.
Suite 2000
Chicago, IL 60661
312-869-8109