IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : : : : : : : | CIVIL ACTION NO. 1:17-CV-07899 |
| Plaintiff, | | |
| v. | | |
| ANCHOR STAFFING, INC. | | |
| Defendant. | | |

**ANSWER TO COMPLAINT**

Anchor Staffing, Inc. ("Anchor" or "Defendant") answers the Complaint filed by the Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and asserts the following affirmative defenses:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Sara Magana ("Magana"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that the Defendant, Anchor Staffing, Inc. ("Defendant" or "Anchor"), engaged in sex discrimination against Magana by subjecting her to sexual harassment, creating and maintaining a hostile work environment because of her sex, female, and retaliating against Magana by removing her from her assignment and refusing to give her new assignments after she complained.

1

**ANSWER:** Defendant denies that any response is required to Plaintiff's statement of the nature of the action. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this action for employment discrimination. Answering further, Defendant denies any liability for discrimination as alleged in the Complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

> **ANSWER:** Defendant admits only that Plaintiff purports to bring this action under Title VII, but denies liability under the statutory provisions set forth in the Complaint.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

> **ANSWER:** Defendant admits only that Plaintiff purports to bring this action in the Northern District of Illinois, but denies any liability for discrimination as alleged in the Complaint.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, does not presently admit or deny the allegations therein.

4. At all relevant times, Defendant, Anchor, has procured for employees opportunities to work for a covered employer, within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

> **ANSWER:** **Defendant admits only that it is a staffing company providing workforce staffing solutions to its clients. Defendant denies liability under the statutory provisions set forth in the Complaint and denies the remaining allegations contained in paragraph 4.**

## ADMINISTRATIVE PROCEDURES

5. More than thirty days prior to the institution of this lawsuit, Magana filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

> **ANSWER:** **Defendant admits only that Magana filed a charge alleging violations of Title VII by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and, therefore, does not presently admit or deny the remaining allegations therein.**

6. On September 19, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

> **ANSWER:** **Defendant admits only that the Commission issued a Notice of Intent to Reconsider and Amended Determination dated September 20, 2017, which documents speak for themselves. Answering further, Defendant denies any liability for discrimination as alleged in the Complaint and the remaining allegations in paragraph 6.**

7. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

> **ANSWER:** **Defendant admits only that Defendant and Plaintiff participated in discussions regarding Ms. Magana's charge of employment discrimination. Answering further, Defendant denies any liability for discrimination as alleged in the Complaint and the remaining allegations in paragraph 7.**

8. On October 4, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

> **ANSWER:** **Defendant admits only that the Commission sent correspondence to Defendant dated October 4, 2017, which document speaks for itself. Answering further, Defendant denies any liability for discrimination as alleged in the Complaint and the remaining allegations in paragraph 8.**

## STATEMENT OF CLAIMS

9. Since at least on or about September 11, 2014, Defendant has engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1), 2000e-3(a), at its office located at 9901 S. Western Ave., Chicago, Illinois, and at the Illinois Department of Human Services ("IDHS"), located at 1151 S. Wood St., Chicago, Illinois, which was a client of Defendant where Magana was placed by Defendant to work. These unlawful practices include, but are not limited to, the following:

(a). Defendant engaged in sex discrimination against Magana by subjecting her on or about September 11, 2014, to severe or pervasive sex harassment, and by creating and maintaining a hostile work environment, because of her sex (female). The harassment Magana was subjected to included, but was not

  limited to, graphic sexual conversation, unwelcome touching, solicitation of unwelcome physical contact, and intimidation.

(b) Defendant knew of the sexually hostile work environment because Magana complained about it to Anchor.

(c) Respondent failed to take prompt or effective action to reasonably prevent, correct, or remedy the sexually hostile work environment. Immediately after Magana complained to Anchor about the harassment she had experienced, Anchor removed Magana from her assignment at IDHS.

(b). Defendant engaged in retaliation against Magana after she complained of sexual harassment: Anchor removed Magana from her assignment at IDHS and never again provided employment opportunities for her despite her availability and desire to work.

  **ANSWER:** **Defendant denies the allegations contained in paragraph 9, specifically including subparagraphs (a)., (b), (c), and (b).**

10. The effect of the practices complained of above has been to deprive Magana of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

  **ANSWER:** **Defendant denies the allegations contained in paragraph 10.**

11. The unlawful employment practices complained of above were intentional.

  **ANSWER:** **Defendant denies the allegations contained in paragraph 11.**

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Magana.

  **ANSWER:** **Defendant denies the allegations contained in paragraph 12.**

WHEREFORE, Defendant, Anchor Staffing, Inc., denies any wrongdoing and/or liability and therefore denies that Plaintiff is entitled to any relief, including the relief requested under the prayer for relief contained in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant, Anchor Staffing, Inc., asserts the following defenses to Plaintiff's Complaint and reserves its right to amend or supplement these defenses as further information becomes available through discovery:

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff's Complaint fails to allege facts sufficient to state a cause of action and fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Defendant's Legitimate Non-Discriminatory Decisions)

The Complaint, and each purported claim contained therein, is barred in whole or in part because any decisions with respect to Plaintiff's employment were and/or would have been made by Defendant for legitimate, nondiscriminatory, non-pretextual reasons.

### Third Affirmative Defense
### (Mixed Motive)

Defendant did not commit the acts or omissions as alleged in the Complaint, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, nondiscriminatory, non-pretextual reasons.

### Fourth Affirmative Defense
### (Estoppel)

Plaintiff is estopped from pursuing the claims in the Complaint, and each purported claim contained therein, by reason of the Plaintiff's own actions and course of conduct.

### Fifth Affirmative Defense
### (Waiver)

Plaintiff has waived her right, if any, to pursue the claims in the Complaint, and each purported claim contained therein, by reason of her own actions and course of conduct.

### Sixth Affirmative Defense
### (Statutory Damages)

Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limit(s) on statutory damages, including but not limited to those limits set forth under the Title VII. *See generally* 42 U.S.C. § 1981a.

### Seventh Affirmative Defense
### (Failure to Mitigate)

The Complaint, and each and every purported claim alleged therein, is barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

### Eighth Affirmative Defense
### (Collateral Source)

Plaintiff's claims for damages must be eliminated or reduced to the extent that they are, have been, or will be compensated from collateral sources (e.g. unemployment benefits).

### Ninth Affirmative Defense
### (Legal Remedy Precludes Injunctive and Equitable Relief)

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

### Tenth Affirmative Defense
### (Absence of Intentional Discrimination Precludes Punitive Damages)

Anchor alleges that it has not engaged in intentional discrimination with respect to Plaintiff and Anchor therefore cannot be liable for punitive damages.

### Eleventh Affirmative Defense
### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

Anchor alleges that it has not acted with malice, reckless indifference, or fraud toward Plaintiff and Anchor therefore cannot be liable for punitive damages.

### Twelfth Affirmative Defense
### (Failure to Plead Facts Sufficient to Support Punitive Damages)

Plaintiff is not entitled to receive punitive damages because Plaintiff has not pled facts sufficient to support such an award.

### Thirteenth Affirmative Defense
### (Defendant's Good Faith Efforts Preclude Punitive Damages)

Plaintiff is not entitled to receive punitive damages because Anchor undertook good faith efforts to comply with Title VII, including by making good faith efforts to enforce anti-discrimination and anti-harassment policy.

### Fourteenth Affirmative Defense
### (Defendant's Policies Preclude Punitive Damages)

Plaintiff is barred from recovering punitive damages because Anchor had in place a policy to prevent discrimination and retaliation in its workplace and made good faith efforts to implement and enforce that policy.

### Fifteenth Affirmative Defense
### (Good Faith Compliance With Law)

All actions by Anchor with regard to Plaintiff, if any, were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations. Therefore, if Plaintiff was to prevail on any of her claims, she would not be entitled to any liquidated, punitive, or other damages.

### JURY DEMAND

Anchor Staffing, Inc. demands trial by a jury on all issues triable by a jury.

WHEREFORE, having answered Plaintiff's Complaint, Defendant, Anchor Staffing, Inc., respectfully requests that all claims be dismissed and that judgment be entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

Dated: January 16, 2018

Respectfully submitted,

/s/ Sarah R. Riedl
James H. Ryan (ARDC No. 6274197)
Sarah R. Riedl (ARDC No. 6313822)
GORDON & REES SCULLY
MANSUKHANI, LLP
1 N. Franklin, Suite 800
Chicago, Illinois 60606
Tel.: (312) 565-1400
Fax:: (312) 565-6511
hayesryan@grsm.com
sriedl@grsm.com

*Attorneys for Defendant
Anchor Staffing, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of January, 2018, I electronically filed the foregoing document with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF System, which will send notification of such filing to all parties.

Dated: January 16, 2018            Respectfully submitted,

                                                   By: /s/ Sarah R. Riedl
James H. Ryan (ARDC No. 6274197)
Sarah R. Riedl (ARDC No. 6313822)
GORDON & REES SCULLY MANSUKHANI, LLP
1 N. Franklin, Suite 800
Chicago, Illinois 60606
Tel.: (312) 565-1400
Fax: (312) 565-6511
hayesryan@grsm.com
sriedl@grsm.com

*Attorneys for Defendant Anchor Staffing, Inc.*