IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-07899 |
| | ) | |
| v. | ) | Honorable Andrea R. Wood |
| | ) | Magistrate Judge Susan E. Cox |
| Anchor Staffing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Anchor Staffing, Inc. ("Anchor") engaged in unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), when it subjected Sara Magana ("Magana") to sexual harassment and retaliated against her by removing her from her work assignment and failing to provide her any new assignments after she complained of sexual harassment. Anchor filed an answer denying the allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Anchor have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"). Neither party admits the claims or defenses alleged by the other party.

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; Anchor; Anchor's directors, officers, employees, successors, and assigns; and all persons in active concert or participation with Anchor.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

   (a) This Court has jurisdiction over the subject matter of this action and the parties;

   (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

   (c) The rights of the parties, Magana, and the public are adequately protected by this Decree;

   (d) This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

   (e) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, Magana, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

5. Anchor, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from: (1) subjecting any employee to harassment on the basis of sex; and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

6. Within thirty (30) days of the approval of this Decree by the District Court or within thirty (30) days after Anchor receives the Release, attached as **Exhibit A**, signed by Magana, whichever is later, Anchor shall pay Magana the gross sum of $30,000 as back wages and compensatory damages. Of the gross sum, $15,000 shall be designated as back wages, and $15,000

2

shall be designated as damages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which Anchor shall issue an IRS Form W-2 to Magana. Anchor may not deduct the employer's share of applicable taxes from the amount to be paid to Magana. Anchor shall issue an IRS Form 1099 to Magana for the amount designated as compensatory damages. No deductions shall be made with respect to the amount designated as compensatory damages. Anchor shall send Magana payment by check via Certified or Registered Mail. Contemporaneously, Anchor shall submit a copy of the check(s) to EEOC.

## ANTI-DISCRIMINATION POLICY

7. Anchor shall adopt, in writing, a policy against employment discrimination ("Policy") within thirty (30) days after the approval and entry of this Decree and shall maintain such Policy for the term of this Decree. Anchor shall provide copies of the Policy to all employees no later than thirty (30) days after entry of this Decree and to all new employees at the time they are hired. The Policy shall, at a minimum:

(a) specifically prohibit each form of discrimination prohibited by Title VII;

(b) inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to Anchor and to the EEOC; and

(c) inform employees that Anchor will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge.

8. No later than ten (10) business days after entry of this Decree, Anchor shall submit a copy of its Policy to the EEOC. Anchor shall consider any comments provided by the EEOC. Submission of the Policy to the EEOC shall not represent the EEOC's or the Court's approval of any Anchor policy.

9. No later than thirty (30) days after entry of this Decree, Anchor shall post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Anchor for posting legal notices concerning employee rights. The policy shall remain posted in this manner for the term of the Decree.

## TRAINING

10. No later than ninety (90) days after entry of this Decree, all Anchor employees with managerial responsibilities and/or responsibilities for fulfilling client requests for staffing shall participate in a training session regarding the laws pertaining to employment discrimination, including the obligations of employers under Title VII. Anchor shall repeat this training at least once every twelve (12) months for the duration of the Decree, with each training taking place within ninety (90) days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

11. Anchor shall obtain the EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content and materials before the commencement of any training session required under Paragraph 10, above. Anchor shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of its proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Anchor's proposed trainer(s), training proposal, and/or training materials, Anchor shall have ten (10) business days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer(s), proposal,

4

and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 17, below.

12. No later than ten (10) business days after each training session described in Paragraph 11, above, takes place, Anchor shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## POSTING AND DISTRIBUTION OF NOTICE

13. No later than ten (10) business days after entry of this Decree, Anchor shall post copies of the Notice attached as **Exhibit B** to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Anchor for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Anchor shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Anchor shall permit a representative of the EEOC to enter Anchor's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

14. No later than ten (10) business days after entry of this Decree, Anchor shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraph 13 above.

## RECORD KEEPING

15. During the term of this Decree, Anchor shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of sexual

harassment or retaliation prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Anchor took, and the name and position of all employees who were involved in any such actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

## REPORTING

16. Anchor shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

   (a) copies of all records described in Paragraph 15, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Anchor that no complaints or reports of discrimination were received during that period; and

   (b) a certification by Anchor that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report; and

   (c) a certification by Anchor that the sexual harassment policy required to be distributed to employees has been fulfilled pursuant to the provisions of Paragraph 10.

6

## DISPUTE RESOLUTION

17. If EEOC, during the term of this Decree, believes that Anchor has failed to comply with any provision(s) of the Decree, EEOC shall notify Anchor of the alleged noncompliance and shall afford Anchor ten (10) business days to remedy the noncompliance or satisfy EEOC that Anchor is in compliance. If within ten (10) business days Anchor has not remedied the alleged noncompliance or satisfied EEOC that it is in compliance, EEOC may apply directly to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

18. In resolving any dispute with regard to Anchor's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority and shall retain jurisdiction of this cause solely for purposes of enforcing the terms of this Decree.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

19. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

21. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Anchor. Prior to any sale or other transfer of Anchor's business or sale or other transfer of all or a substantial portion of Anchor's assets, Anchor

7

shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

22. When this Decree requires a certification by Anchor of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Anchor to the best of such officer or management employee's knowledge, information, and belief.

23. Anchor shall require personnel within its employ, upon reasonable request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

24. When this Decree requires the submission by Anchor of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Anchor Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. These materials may be submitted by electronic mail to EEOC at the following addresses: diane.smason@eeoc.gov, bradley.fiorito@eeoc.gov, richard.mrizek@eeoc.gov.

SO ORDERED, ADJUDGED, and DECREED on this 19th day of June 2018.

By the Court:

_____
The Hon. Andrea R. Wood
United States District Judge

Agreed to in form and content:

8

For the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000

_____
GREGORY GOCHANOUR
Regional Attorney

_____
DIANE SMASON
Supervisory Trial Attorney

_____
BRAD FIORITO
Trial Attorney

_____
RICHARD MRIZEK
Trial Attorney

For ANCHOR STAFFING, INC.

_____
SARAH R. RIEDL
JAMES H. RYAN
Attorneys for Anchor Staffing, Inc.
Gordon & Rees, LLP
One North Franklin, Suite 800
Chicago, IL 60606

# EXHIBIT A

## RELEASE AGREEMENT

In consideration of $30,000 to be paid to me by Anchor Staffing, Inc., in connection with the resolution of *EEOC v. Anchor Staffing, Inc.*, No. 17-cv-07899 (N.D. Ill.), I waive my right to recover for any claims arising under Title VII of the Civil Rights Act of 1964 that I had against Anchor on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Anchor Staffing, Inc.*

Signed: *Sara Magana* [signature]
Sara Magana

Date: 6/15/18

**EXHIBIT B**

## NOTICE TO ANCHOR EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Anchor Staffing, Inc.*, No. 17-cv-07899 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Anchor.

In this lawsuit, the EEOC alleged that Anchor violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting an employee to sexual harassment and retaliating against the employee for making a complaint about that harassment.

To resolve this case, EEOC and Anchor have entered into a Consent Decree requiring, among other things, that:

1. Anchor will pay the employee affected by the alleged violations monetary damages;

2. Anchor will not subject employees to sexual harassment;

3. Anchor will not retaliate against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4. Anchor will adopt and distribute a policy against discrimination and harassment and provide training to supervisors and managers on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy discrimination), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Anchor Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

6/19/2018
Date

Judge Andrea R. Wood
United States District Court